IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Khammesherma Smith, | C/A No. 6:22-cv-02592-HMH-KFM |
| Plaintiff, | **REPORT OF MAGISTRATE JUDGE** |
| vs. | |
| Lt. Simon, Ofc. Issacs, Unknown Inmate 1, Unknown Inmate 2, | |
| Defendants. | |

      The plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court.

      The plaintiff's complaint was entered on the docket on August 5, 2022 (doc. 1). By order filed September 6, 2022, the plaintiff was informed that his complaint was subject to summary dismissal because it failed to state a claim upon which relief may be granted, and that he could attempt to cure the defects identified in his complaint by filing an amended complaint within 14 days (doc. 12). The plaintiff was informed that if he failed to file an amended complaint or otherwise cure the deficiencies outlined in the order, the undersigned would recommend that his case be dismissed (*id*. at 8). On September 16, 2022, the plaintiff's amended complaint was entered on the docket (doc. 14). Having reviewed the plaintiff's amended complaint, the undersigned is of the opinion that the plaintiff's excessive force claim from July 2021, against Lt. Simon and Ofc. Issacs, as presented, is sufficient to survive screening, and service will be recommended as to Lt. Simon and Ofc. Issacs on that claim. However, the remainder of the plaintiff's claims in his

amended complaint fail to state a claim upon which relief may be granted; thus, they are subject to summary dismissal as outlined below.

## ALLEGATIONS

The plaintiff, a prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and located at Kershaw Correctional Institution ("Kershaw"), brings this action seeking damages from the defendants regarding events that occurred while he was incarcerated at Kirkland Correctional Institution ("Kirkland") (doc. 14). The plaintiff alleges violations of his Eighth Amendment Rights as well as his rights under the Inmate Rights Act and his SCDC rights (*id*. at 4). The plaintiff alleges that while at Kirkland in July 2021, before dinner one evening, Lt. Simon and Ofc. Issacs ambushed him with weapons (*id*. at 4, 5). He also contends that he was unlawfully confined by Lt. Simons and Ofc. Issacs and two unknown inmates (*id*. at 5). The plaintiff alleges injuries to his face, wrist, and arms by Lt. Simons and Ofc. Issacs (*id*. at 6). The plaintiff's need for medical treatment was disregarded by health staff (*id*.). For relief, the plaintiff seeks money damages (*id*.).

## STANDARD OF REVIEW

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, the plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## **DISCUSSION**

As noted above, the plaintiff filed the instant action pursuant to § 1983, seeking damages from the defendants. Additionally, as indicated, the plaintiff's excessive force claim from July 2021 against Lt. Simon and Ofc. Issacs is sufficient to survive screening, and service will be recommended as to Lt. Simon and Ofc. Issacs on that claim. The remainder of the plaintiff's claims, as outlined below, are subject to summary dismissal.

**Not a State Actor**

The plaintiff's claims against the two unknown inmates are subject to summary dismissal because they were not acting under color of state law. It is well-settled that "[a]nyone whose conduct is 'fairly attributable to the state' can be sued as a state actor

under § 1983." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012). However, private conduct, no matter how discriminatory or wrongful, is not covered under § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–51 (1999). In distinguishing between state action and private action,

> The judicial obligation is not only to preserv[e] an area of individual freedom by limiting the reach of federal law and avoi[d] the imposition of responsibility on a State for conduct it could not control, but also to assure that constitutional standards are invoked when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains.

*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks and citations omitted). State action may be found to exist "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Id.* (internal quotations and citations omitted).

The United States Court of Appeals for the Fourth Circuit has identified several contexts in which private action may be found to constitute state action, such as "when the state has coerced a private actor to commit an act that would be unconstitutional if done by the state"; "when the state has delegated a traditionally and exclusively public function to a private actor"; "when the state has sought to evade a clear constitutional duty through delegation to a private actor"; or "when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *Andrews v. Fed. Home Loan Bank*, 998 F.2d 214, 217 (4th Cir. 1993). The critical inquiry in each case is whether the private actor's conduct was fairly attributable to the state. *Mentavlos v. Anderson*, 249 F.3d 301, 313 (4th Cir. 2001). "[T]he ultimate resolution of whether an actor was a state actor . . . is a question of law for the court." *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 344 n.7 (4th Cir. 2000).

Here, the plaintiff's amended complaint "includes no facts that establish such a 'close nexus' between the other inmates' challenged actions and the state" such that their

4

actions "may be 'fairly treated' as those of the state itself." *See Perry v. Chattem, Inc.*, C/A No. 7:08-cv-00106, 2008 WL 983428, at *4 (W.D. Va. Apr. 9, 2008). For example, the plaintiff's only allegations with respect to the unknown inmates is that he "was ambushed and unlawfully confined by, Lieutenant Simon, Ofc. Issacs, & 2 unknown inmates from, F1 Building" (doc. 14 at 5). However, even liberally construing the plaintiff's amended complaint as alleging a conspiracy between these defendants and state actors, the plaintiff has failed to establish a 'close nexus' whereby the other inmates' alleged private conduct is considered action by the state. Indeed, there are no allegations that the unknown inmates acted in concert with Lt. Simon and Ofc. Issacs or that their actions were condoned by Lt. Simon and Ofc. Issacs to transform the acts of the two unknown inmates into acts by state actors. In light of the foregoing, the other inmate defendants are subject to summary dismissal because they are not state actors.

**Deliberate Indifference to Medical Needs Claim**

Liberally construed, the plaintiff also alleges that health staff disregarded his injuries (doc. 14 at 6). Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The government is required to provide medical care for incarcerated individuals. *Id*. at 103. However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851–52 (4th Cir. 1990), *overruled in part on other grounds by Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

In order to state a claim, a plaintiff must show a serious medical need as well as that the defendant "knowingly disregarded that need and the substantial risk it posed." *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018) (citing *King v. Rubenstein*, 825 F.3d 206, 218–20 (4th Cir. 2016); *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–11 (4th Cir. 2017)). A "serious medical need" is a condition "diagnosed by a physician as

mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Heyer*, 849 F.3d at 210 (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." *Miltier*, 896 F.2d at 851–52 (citation omitted). "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle*, 429 U.S. at 106. Mere negligence or malpractice does not violate the Eighth Amendment. *Id*. Moreover, disagreements between an inmate and a physician over the inmate's proper medical care do not state a Section 1983 claim unless exceptional circumstances are alleged. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir.1985).

Here, the plaintiff has failed to state a claim for deliberate indifference to medical needs. First, the plaintiff has not alleged actions by the defendants in disregarding his injuries. *See Vinnedge*, 550 F.2d at 928. Additionally, the plaintiff's vague reference to injuries to his face, wrists, and arms fail to allege a serious medical condition that required treatment. As such, the plaintiff's medical indifference claim is subject to summary dismissal.

**Abandoned Claims**

It appears that the plaintiff has abandoned all claims (such as his failure to protect and property deprivation claims) other than his claims regarding the alleged excessive force incident in July 2021, as his amended complaint omits mention of the other claims (doc. 14). The plaintiff was warned that an amended complaint replaces the complaint and "should be complete in itself" (doc. 12 at 8 (citing *Young*, 238 F.3d at 572)). As such, the undersigned recommends dismissal of the plaintiff's abandoned claims. To the extent the plaintiff did not intend to abandon these claims, for the reasons set forth in the court's prior order, the claims would still be subject to summary dismissal (*see* doc. 12).

## **RECOMMENDATION**

As noted above, the plaintiff's case will go forward with respect to the plaintiff's excessive force claim from July 2021 against Lt. Simon and Officer Issacs. However, with respect to the plaintiff's remaining claims, despite filing an amended complaint, the plaintiff has not cured the deficiencies identified in the order dated September 6, 2022 (doc. 12). As such, the undersigned recommends that the district court dismiss the plaintiff's remaining claims and defendants (other than the excessive force claim against Lt. Simon and Ofc. Issacs) *with prejudice*, without further leave to amend, and without issuance and service of process because the plaintiff failed to file an amended complaint to cure the deficiencies identified in the order issued September 6, 2022.[1] *See Britt v. DeJoy*, --- F.4th ----, 2022 WL 3590436, at *5 (4th Cir. Aug. 17, 2022) (published) **The attention of the parties is directed to the important notice on the following page**.

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

September 28, 2022
Greenville, South Carolina

---

[1] That order warned the plaintiff that if he failed to file an amended complaint or failed to cure the deficiencies identified therein, the undersigned would recommend to the district court that his claims be dismissed *with prejudice* and without leave for further amendment (doc. 12 at 8).

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Room 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).