# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Khammesherma Smith,<br><br>　　　　Plaintiff,<br>　v.<br><br>Lt. Simon, Ofc. Issacs, Unknown Inmate 1, Unknown Inmate 2,<br><br>　　　　Defendants. | Case No. 22-cv-02592-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 19) recommending that some of Plaintiff's claims, all claims other than his excessive force claims against Defendants Lt. Simon and Ofc Issacs, be dismissed. Plaintiff filed an objection to the R & R. (Dkt. No. 29). For the reasons set forth below, the Court adopts the R&R as the order of the order of the Court and dismisses Plaintiff's complaint.

**I.　Background**

In his amended complaint, (Dkt. No. 14), brought pursuant to 42 U.S.C. § 1983, Plaintiff, proceeding *pro se* and *in forma pauperis*, alleges Defendants violated his Eighth Amendment rights as well has his rights as an inmate under the Inmate Rights Act. (Dkt. No. 14 at 4) (alleging Defendants Lt. Simon and Ofc Issacs ambushed him with weapons); (*id.* at 5) (alleging he was unlawfully confined by Defendants Lt. Simon and Ofc Issacs and two unknown inmates); (*id.* at 6) (alleging injuries to his face, wrist, and arms); (*id.* at 6) (alleging his need for medical treatment was disregarded by the health staff). For relief, Plaintiff seeks money damages. (*Id.* at 6).

Pursuant to the 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the Magistrate Judge filed an R&R recommending all of Plaintiff's claims other than his excessive force claims against Defendants Lt. Simon and Ofc Issacs be dismissed. (Dkt. No. 27). Plaintiff

filed an objection whereby he again stood on the allegations in his complaint. (Dkt. No. 29). The matter is now ripe for the Court's review.

## II. Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because the Plaintiff filed an objection, the Court reviews the R&R *de novo*.

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### C. Failure to State a Claim

Under 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints and must dismiss any complaint, or portions of complaints that are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted[,]" or seek relief from a defendant immune from such relief. The same standard applies to complaints filed by a plaintiff proceeding *in forma pauperis.* 28 U.S.C.A. § 1915(e)(2). To state a claim, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

## III.  Discussion

After a thorough review of the R&R and the applicable law, the Court adopts the R&R in its entirety and hereby incorporates the R&R by reference. Accordingly, the Court dismisses all but Plaintiff's excessive force claims against Defendants Lt. Simon and Ofc Issacs. As explained in detail in the R&R, Plaintiff's claims are subject to dismissal for various reason. For example, Plaintiff's claims against the two unknown inmates ate subject to dismissal because the allegations against the inmates did not show that the inmates were acting under color of state law. *See, e.g.*, (Dkt. No. 14 at 5) (alleging only that Plaintiff was ambushed and unlawfully confined by Lt. Simon, Ofc. Issacs, and 2 unknown inmates). Plaintiff also, for his medical indifference claim, failed to show a serious medical need and failed to show that defendant knowingly disregarded that need. (Dkt. No. 14 at 6) (alleging vague references to injuries to his face, writs, and arms, and

3

failing to allege any actions by defendants in disregarding his injuries). The Magistrate Judge also correctly noted that Plaintiff abandoned the remainder of his claims, such as his failure to protect and property deprivation claims, when he filed his amended complaint. (*Compare* Dkt. No. 1 at 6 *with* Dkt. No. 14 at 6).

**IV.     Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 19) as the order of the Court. The Court dismisses Plaintiff's claims (except for Plaintiff's excessive for claims against Defendants Lt. Simon and Ofc. Issacs) with prejudice.

**AND IT IS SO ORDERED.**


  s/*Richard M. Gergel*  
Richard Mark Gergel  
United States District Judge

December 12, 2022  
Charleston, South Carolina