IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Khammesherma Smith, | ) | C/A No. 6:22-cv-02592-RMG-KFM |
| | ) | |
| Plaintiff, | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Lt. Simon, Ofc. Issacs, | ) | |
| | ) | |
| Defendants.[1] | ) | |
| | ) | |

      The plaintiff, a state prisoner in the custody of the South Carolina Department of Corrections ("SCDC"), proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court.

      On August 5, 2022, the plaintiff's complaint was entered on the docket (doc. 1). On September 6, 2022, the undersigned issued an order informing the plaintiff that his complaint failed to state a claim for which relief could be granted and instructing the plaintiff to file an amended complaint (doc. 12). On September 16, 2022, the plaintiff's amended complaint was entered on the docket (doc. 14). Upon initial review of the amended complaint, the undersigned issued an order authorizing service of process of the plaintiff's excessive force claim against defendants Lt. Simon and Ofc. Issacs and issued a report and recommendation recommending that the plaintiff's remaining claims (and defendants) be dismissed (docs. 17; 19). The report and recommendation was adopted by the

---

[1] This caption represents the current parties to this action, based upon the Order entered by the Honorable Richard M. Gergel, United States District Judge, on December 12, 2022 (doc. 33).

Honorable Richard M. Gergel, United States District Judge, on December 12, 2022, leaving only the plaintiff's excessive force claim against defendants Lt. Simon and Ofc. Issacs pending in this action (doc. 33).

The order that authorized service on Lt. Simon and Ofc. Issacs instructed the Clerk of Court to issue the summonses and to forward them and Forms USM-285 to the United States Marshal Service ("USMS") for service of process (doc. 17 at 1). The order informed the plaintiff that although his lawsuit would be served by the USMS, he was responsible for providing "information sufficient to identify the defendants on the Forms USM-285" (*id*. at 2). The order warned the plaintiff that pursuant to Federal Rule of Civil Procedure 4(m), if a defendant was not served within 90 days after the summons is issued, the unserved defendant(s) may be dismissed from the case (*id*.).

On October 14, 2022, the USMS filed documents indicating that it could not serve the summons and amended complaint on defendants Lt. Simon and Ofc. Issacs (doc. 25). It appears that the USMS attempted to serve these defendants, but noted as follows: Lt. Simon "Per Marcie Lawrence legal counsel for SCDC - unable to accept due to 'not able to identify the defendant by just the last name. Need a first name multiple [staff with] last name'"; Ofc. Issacs "Per Marcie Lawrence legal counsel for SCDC - unable to accept due to 'do not have anyone employed by the last name.' Need more identifiable info (first and last name)" (*id*.). Due to the returned unexecuted summons, on November 8, 2022, the court issued an order instructing the plaintiff to provide a new summons and Forms USM 285 for defendants Lt. Simon and Ofc. Issacs (doc. 29). The order reminded the plaintiff of the requirement in Federal Rule of Civil Procedure 4(m) that a defendant be served within 90 days of the issuance of the summons and warned the plaintiff that if he did not provide additional information for Lt. Simon and Ofc. Isaacs that the court would recommend dismissing them as defendants (*id*. at 1–2). On November 30, 2022, the plaintiff returned the forms and noted in a letter that SCDC is required to provide the

identities of the defendants to the court because the plaintiff does not know them (docs. 31; 31-1).

Because the plaintiff failed to provide information sufficient to identify defendants Lt. Simon and Ofc. Issacs so the USMS could effectuate service, on January 3, 2023, the undersigned issued an order providing the plaintiff with fourteen (14) days to show good cause under Fed. R. Civ. P. 4(m) for failing to provide information to effectuate service upon defendants Lt. Simon and Ofc. Issacs (doc. 37). The order warned the plaintiff that if he failed to respond to the order or show good cause the undersigned would recommend that defendants Lt. Simon and Ofc. Issacs be dismissed from this action (*id*. at 3–4). The plaintiff did not respond to the order, and the time for response has lapsed.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within (90) days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant . . . [b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Here, the plaintiff filed his lawsuit *pro se* and *in forma pauperis*. As such, the ninety day time limit did not run during the initial review of this case. Rather, it began to run on the date when the summons was issued, September 28, 2022 (doc. 18). The 90-day service deadline expired on December 27, 2022. *See Robinson v. Clipse*, 602 F.3d 605, 608–09 (4th Cir. 2010) (tolling during initial review).

As noted, the plaintiff has had multiple opportunities to provide identifying information for defendants Lt. Simon and Ofc. Issacs so that the USMS could effectuate service of process. Additionally, the plaintiff was warned that although his lawsuit would be served by the USMS, he was responsible for providing "information sufficient to identify the defendant on the Forms USM-285" (docs. 17 at 2; 29 at 1–2). The undersigned also provided the plaintiff with an opportunity to show good cause for failing to provide

3

information so the USMS could effectuate service on defendants Lt. Simon and Ofc. Issacs, and warned the plaintiff that if he failed to respond to the order or to provide good cause, the undersigned would recommend dismissal of defendants Lt. Simon and Ofc. Issacs (doc. 37). As noted, the plaintiff has failed to respond to the court's order; thus, he has failed to show good cause for the failure to serve defendants Lt. Simon and Ofc. Issacs.

The Fourth Circuit has found that district courts have discretion to extend the time to effect service of process absent a showing of good cause. *Gelin v. Shuman*, 35 F.4th 212, 218–20 (4th Cir. 2022). Here, though, the circumstances weigh against exercising such discretion. For example, the plaintiff has not responded to this Court's January 3, 2023, order and has only indicated that SCDC should do a search to provide information relating to defendants Lt. Simon and Ofc. Issacs (doc. 31-1). Indeed, the plaintiff has not indicated that he even requested the information from SCDC – and he has not sought additional time to find the information. As such, the instant matter is distinguishable from *Gelin* and the court should not extend the time to effect service of process on defendants Lt. Simon and Ofc. Issacs.

In light of the foregoing, the undersigned recommends that defendants Lt. Simon and Ofc. Issacs be dismissed as parties. Because Lt. Simon and Ofc. Issacs are the only active parties in this action and the remainder of claims and defendants were previously dismissed with prejudice (doc. 33), it is further recommended that this action be closed with a note that the excessive force claim against Lt. Simon and Ofc. Issacs is

dismissed *without* prejudice because the dismissal is pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. **The plaintiff's attention is directed to the important notice on the next page.**

        **IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>
United States Magistrate Judge

February 2, 2023
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).