**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6591

KHAMMESHERMA SMITH,

        Plaintiff - Appellant,

  v.

LIEUTENANT SIMON; OFFICER ISSACS,

        Defendants - Appellees,

  and

UNKNOWN INMATE 1; UNKNOWN INMATE 2 (FI:B),

        Defendants.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Richard Mark Gergel, District Judge.  (6:22-cv-02592-RMG)

Submitted:  September 28, 2023                        Decided:  October 3, 2023

Before NIEMEYER, THACKER, and RUSHING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Khammesherma Smith, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Khammesherma Smith seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 action. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on February 24, 2023. Smith filed the notice of appeal on June 9, 2023.[*] Because Smith failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Smith could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).